# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:17-cv-07233-VAP-KES            Date: October 5, 2017

Title: ANTONIO BETHELL v. R. MADDEN - WARDEN

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      Order To Show Cause Why Petition Should Not Be Dismissed (Dkt. 1).

Antonio D. Bethell ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 2, 2017 (the "Petition"). (Dkt. 1.) Petitioner did not pay a filing fee or file a request to proceed in forma pauperis ("IFP"). He purports to challenge his May 5, 2010 state sentence for first degree robbery and first degree burglary. (Dkt. 1 at 2; 9.) The Court has screened the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), and concludes that the Petition suffers deficiencies summarized below. Petitioner is therefore ordered to show cause why this action should not be dismissed by filing a written response *on or before November 3, 2017.*

## I. BACKGROUND.

Petitioner entered a plea of nolo contendere with respect to the relevant charges of robbery and burglary. (Dkt. 1 at 2.) On May 5, 2010, he was sentenced in Los Angeles County Superior Court to 10 years, 8 months. (Id. at 2, 9.) He is currently confined at Centinela State Prison in Imperial, California. (Id. at 2.) His petition challenges the imposition of "concurrent" sentences for robbery and burglary, asserting that those sentences constitute impermissible double punishment in violation of California Penal Code § 654. (Dkt. 1 at 5.)[1]

---

[1] Although the Petition uses the word "concurrent," the attached abstract of judgment reflects that Petitioner was in fact given "consecutive" sentences. (Dkt. 1 at 9.)

Based on records cited in the petition, and on online court records, Petitioner has filed a number of habeas requests at various levels of state court. Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case). In the Petition, Petitioner cites the following state court cases: California Court of Appeal Case No. B250867 and California Supreme Court Case No. S226223. (Dkt. 1 at 2-3.) The dockets for those cases reflect that both involved habeas requests.

Although Petitioner states that Case No. B250867 was decided on March 2, 2015, online records indicate that it was, in fact, filed on August 26, 2013 and resolved on September 11, 2013. Petitioner also filed two other habeas cases with the California Court of Appeal, which were assigned Case Nos. B252581 and B262282. Petitioner filed those cases on November 20, 2013 and March 2, 2015, respectively, and they were decided on December 12, 2013 and March 4, 2015. Thereafter, Petitioner's California Supreme Court habeas request, filed on May 4, 2015, was denied on July 15, 2015, with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) (addressing habeas timeliness bar). Petitioner asserts that he did not receive that denial. (Dkt. 1 at 3.)

In addition to these cases, it also appears from Petitioner's criminal docket in Los Angeles County Superior Court Case No. SA073868 that Petitioner sought habeas relief on or around August 1, 2013, October 6, 2014, and October 8, 2015 in that court. Based on the superior court's docket, the last of these requests was adjudicated no later than December 8, 2015.

## II.      TIMELINESS.

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to cases filed after its effective date of April 24, 1996). AEDPA provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The record does not reflect that Petitioner took a direct appeal to the California Court of Appeal following his 2010 sentencing (which is consistent with a nolo contendere plea). (See Dkt. 1 at 2 (citing habeas Case No. B250867).) If not, then Petitioner's judgment became final for AEDPA purposes 60 days after judgment, or in early July 2010. See Cal. R. Ct. 8.308(a) ("a notice of appeal … must be filed within 60 days after the rendition of the judgment …."); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (where Petitioner did not appeal, "his conviction became final … 60 days after the judgment of conviction"). AEDPA's one-year limitation period thus expired in July 2011. Petitioner began filing state habeas petitions in August 2013, over two years later.[2] Petitioner is not entitled to statutory tolling for the pendency of these petitions because he did not initiate them during the AEDPA limitations period. As a result, the Petition is facially untimely.

Moreover, even if the AEDPA statute of limitations was deemed tolled during the pendency of Petitioner's state court habeas proceedings, those proceedings concluded no later than December 2015, nearly two years before the filing of the Petition and outside of AEDPA's one year limitations period. Petitioner asserts that he did not receive notice of the California Supreme Court's July 2015 denial of the habeas request that he filed with that court. A prisoner's delay in receiving legal notices can give rise to equitable tolling. See Fue v. Biter, 842 F.3d 650, 656 (9th Cir. 2016). But to be entitled to such tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has concluded in at least two cases that fourteen and twenty-one month delays are "not an unusually long time to wait for a court's decision." Fue, 842 F.3d at 654; Huizar v. Carey, 273 F.3d 1220, 1224 (9th Cir. 2001). In those cases, however, the prisoners made some effort to follow-up to inquire about the status of their cases. Fue, 842 F.3d at 653 (letter to court clerk after fourteen months); Huizar, 273 F.3d at 1224 ("steady stream of correspondence"). Here, Petitioner makes no showing that he "diligently" pursued his habeas request with the California Supreme Court after experiencing a twenty-eight month delay. Thus, the Petition appears untimely.

---

[2] As noted above, in denying Petitioner's May 2015 petition over two years ago, the California Supreme Court cited case law indicating that it had not been brought in a timely manner.

### III.     CLAIMS NOT FEDERALLY COGNIZABLE.

Further, the Petition is grounded on the assertion that the "superior court violated [Petitioner's] rights under [California Penal Code §] 654." (Dkt. 1 at 3.) That law provides as follows:

> An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

Cal. Pen. Code § 654(a).

The relevant habeas statute, 28 U.S.C. § 2254, authorizes the federal courts to grant habeas corpus relief only for violations of federal law. 28 U.S.C. § 2254(a). As a result, Petitioner's alleged violation of state law does not give rise to a cognizable basis for relief. This provides an additional ground for dismissal. See Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989) (alleged violation of § 654 is state law claim not cognizable in federal habeas proceeding).[3]

### IV.     ORDER.

Based on the above, this action appears subject to dismissal under Rule 4, which provides that a judge must "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition…." Petitioner is therefore ordered to show cause why this action should not be dismissed by filing a written response *on or before November 3, 2017*.

Instead of filing a response to this Order, Petitioner alternatively may request a voluntary dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The Clerk of Court will attach a Notice of Dismissal form. The Court warns that dismissed claims, if later re-filed, may be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1) quoted above.

Petitioner has also failed to pay the $5.00 filing fee or submit a request to proceed IFP in this action. If Petitioner chooses not to voluntarily dismiss his Petition, he shall either pay the filing fee or submit a request to proceed IFP *on or before November 3, 2017*. The Clerk of Court will attach an IFP request form to this order.

---

[3] While it is possible—assuming that the Petition is shown to be timely—that Petitioner could raise a claim under the Fifth Amendment's Double Jeopardy Clause, the Court similarly has doubts about whether such a claim would be viable. See Powell v. Grounds, 10-cv-111-GW-FFM, 2012 U.S. Dist. LEXIS 187781, at *40 (C.D. Cal. Sep. 18, 2012) ("[T]he Double Jeopardy Clause is not implicated because robbery and burglary are not the same offense.").

　　　The Court warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action based upon lack of subject matter jurisdiction and untimeliness. See Fed. R. Civ. P. 41(b).

　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk JD